456 F.2d 1116
 UNITED STATES of America upon the relation and for the use
of the TENNESSEE VALLEY AUTHORITY, Plaintiff-Appellee,
v.
9.6 ACRES OF LAND, MORE OR LESS, IN LYON COUNTY, KENTUCKY,
Pearl Doom Damage, et vir, Defendants-Appellants.
 No. 71-1587.
 United States Court of Appeals,
Sixth Circuit.
 Feb. 29, 1972.
 
 J. Granville Clark, Russellville, Ky., on brief, for appellants.
 Beauchamp E. Brogan, T. V. A., Knoxville, Tenn., for appellee; Robert H. Marquis, Gen. Counsel, T. V. A., Knoxville, Tenn., on brief.
 Before WEICK, CELEBREZZE and PECK, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this condemnation proceeding, the Tennessee Valley Authority sought to acquire the land which is the subject of this action, and which was owned by the defendants-appellants Pearl Doom Ramage, and her husband, Hugh Ramage. The complaint alleged the execution of a contract under which the said defendants agreed to convey the land for a stated price, and in their answer defendants admit their execution of the contract.
 
 
 2
 Their said answer was treated by the District Court as raising an affirmative defense based on the mental incapacity of Pearl Doom Ramage and alleging that the contract was secured by coercion and undue and improper influence on behalf of TVA personnel. The case was submitted to the District Court on the motion of the plaintiff-appellee for summary judgment filed under Rule 56 of the Federal Rules of Civil Procedure, and affidavits supporting and in opposition to the motion were filed, and these were presumably before the District Court at the time of the consideration of the motion, although no reference thereto is made in its memorandum and order. Similarly, depositions were taken, but whether and to what extent these were considered does not appear. This appeal was perfected from an order sustaining the motion for summary judgment.
 
 
 3
 The District Court's memorandum and order not only does not in terms determine that the case was in proper posture for consideration under Rule 56, but we are forced to a conclusion that a fair reading fails to show that the Court concluded "that there is no genuine issue as to any material fact." (Rule 56(c)). On the contrary, it seems apparent that the trial court recognized the existence of an issue of mental capacity and proceeded to resolve that issue, since the memorandum states, "In this Court's opinion this [evidence of a bad memory] is not sufficient to render the defendant, Pearl Doom Ramage, mentally incapable of negotiating a valid contract . . . . Thus, it is the opinion of the Court that the defendant . . . was mentally capable of knowing and understanding the contents of the contract under attack."
 
 
 4
 We can only conclude that a genuine issue as to at least the issue of mental competence existed, and that the granting of summary judgment constituted error in the premises. Having reached this conclusion, it becomes unnecessary for us to determine whether issues of fact were created under the allegations of coercion and undue and improper influence, and other affirmative allegations contained in the answer, but it seems apparent that on the remand hereinafter ordered, a disposition of the questions sought to be raised by the allegations will be required.
 
 
 5
 The judgment of the District Court is reversed and the cause remanded for further proceedings not inconsistent herewith.